UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0320 |
| VERSUS | JUDGE DONALD E. WALTER |
| LARRY E. MOSLEY, JR. | MAGISTRATE JUDGE HORNSBY |

---

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed pro se by Petitioner Larry E. Mosley, Jr. ("Mosley"). See Record Document 65. The Government responded and Mosley replied. See Record Documents 70, 71 and 76. For the reasons assigned below, Mosley's motion is **DENIED.**

**BACKGROUND**

On January 29, 2020, Mosley pled guilty to Count One of an indictment charging him with possession of a firearm not registered to him in the National Firearms Registration and Transfer Record ("NFRTR") as required, thereby in violation of 26 U.S.C. § 5861(d)[1]. See Record Documents 34 and 36. On July 30, 2020, Mosley was sentenced to 96 months in prison followed by 3 years of supervised release. See Record Document 53. Mosley did not file a notice of appeal.

On September 11, 2023, Mosley filed the instant motion, asserting numerous arguments, including that the search warrant violated his Fourth and Second Amendment rights and that Section 5861(d) is unconstitutional based on New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022). See Record Document 65. In response, the Government

---

[1] "It shall be unlawful for any person [. . .] (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record […]." 26 U.S.C. § 5861(d).

contends that Mosley's Section 2255 motion is untimely and procedurally defaulted. See Record Document 70 at 2 and 10. Additionally, the Government argues that Bruen does not apply to 26 U.S.C. § 5861(d), the statute to which Mosley pled guilty. See id. at 10. Mosley filed a reply, essentially restating his motion. See Record Document 71.

## LAW AND ANALYSIS

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A federal prisoner has limited grounds for collateral review under Section 2255, generally based on errors of constitutional magnitude that could not have been raised on appeal. See 28 U.S.C. § 2255(a); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Challenges under Section 2255 remain subject to a one-year statute of limitation, however, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." United States v. Scruggs, 691 F.3d 660, 669 (5th

Cir. 2012); see also United States v. Pittman, No. 20-112, 2024 WL 36169, at *1 (E.D. La. Jan. 3, 2024). Courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

Here, Mosley's Section 2255 motion is procedurally barred. Mosley was sentenced on July 30, 2020. See Record Document 50. His conviction became final 14 days later. See Fed. R. App. P. 4(b)(1)(A). Mosley filed Section 2255 motion on September 11, 2023, well beyond the one-year deadline. Therefore, his motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

When a Supreme Court decision recognizes a right made retroactively applicable to cases on collateral review, the date of that decision triggers a new one-year period during which a Section 2255 motion may be brought. See 28 U.S.C. § 2255(f)(3).[2] The right must have been newly recognized and made retroactively applicable by the Supreme Court pursuant to 28 U.S.C. § 2255(f)(3), which has not occurred with Bruen.[3] Even if the statute of limitations ran from the date Bruen was decided, which was June 23, 2022, Mosley's motion would still be untimely, as he did not file his motion until September 11, 2023.[4]

---

[2] Nor does United States v. Daniels, 77 F.4th 337 (5th Cir. 2023), cert. granted, judgment vacated, 144 S. Ct. 2707 (July 2, 2024), help Mosley.

[3] Applying the Bruen standard and without providing any specific argument, Mosley argues that Section 5861(d) is unconstitutional. See Record Document 65 at 1. District courts have found that Section 5861 is not unconstitutional after Bruen. See United States v. Morgan, No. 23-0174-01, 2024 WL 150340, at *6 (W.D. La. Jan. 12, 2024) (citing United States v. Holton, 639 F.Supp.3d 704, 707 (N.D. Tex. 2022)); United States v. Wuchter, No. 23-2024, 2023 WL 4999862, at *5 (N.D. Iowa Aug. 4, 2023); United States v. Saleem, No. 21-86, 2023 WL 2334417, at *5-12 (W.D. N.C. March 2, 2023). Furthermore, Bruen simply does not apply to Mosley.

[4] Mosley has also not established that equitable tolling applies.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue forthwith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of November, 2024.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

4